Citation Nr: 1806324 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 11-05 269 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to an increased evaluation for history of degenerative arthritis of the lumbar spine with surgical repair of herniated discs three times, initially evaluated as 10 percent disabling prior to January 13, 2017, and 20 percent disabling thereafter. 


REPRESENTATION

Veteran represented by: Molly Steinkemper, Attorney


ATTORNEY FOR THE BOARD

B.A. Evans, Associate Counsel



INTRODUCTION

The Veteran served on active peacetime duty from May 1986 to August 1989.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska.

This case was previously before the Board in November 2016, at which time the issue currently on appeal was remanded for additional development. The case has now been returned to the Board for further appellate action
During the pendency of the appeal, in march 2017, the RO increased the disability rating to 20 percent from January 13, 2017. Because the RO did not assign the maximum disability rating possible, the appeals for higher disability evaluations remain before the Board. AB v. Brown, 6 Vet. App. 35 (1993).


FINDINGS OF FACT

1. Prior to January 13, 2017, the Veteran's degenerative arthritis of the lumbar spine with surgical repair of herniated discs three times was not manifested by forward flexion of the thoracolumbar spine greater than 30 degrees, but not greater than 60 degrees; a combined range of motion of the thoracolumbar spine not greater than 120 degrees; or muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.

2. Beginning January 13, 2017, the Veteran's degenerative arthritis of the lumbar spine with surgical repair of herniated discs three times was not manifested by forward flexion of the thoracolumbar spine limited to 30 degrees or less, or favorable ankylosis of the entire spine.


CONCLUSIONS OF LAW

1. Prior to January 13, 2017, the criteria for an initial rating for degenerative arthritis of the lumbar spine with surgical repair of herniated discs three times prior in excess of 10 percent were not met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.7, 4.71a, Diagnostic Code 5237 (2017).

2. Beginning January 13, 2017, the criteria for a rating for degenerative arthritis of the lumbar spine with surgical repair of herniated discs three times in excess of 20 percent have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.7, 4.71a, Diagnostic Code 5237 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Legal Criteria

Disability ratings are determined by the application of the VA's Schedule for Rating Disabilities. 38 C.F.R. Part 4 (2017). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during service and their residual conditions in civil occupations. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 3.321(a), 4.1 (2017).

It is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom are sufficient. A coordination of rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21 (2017).

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will assigned. 38 C.F.R. § 4.7 (2017).

In every instance where the minimum schedular rating requires residuals and the schedule does not provide for a 0 percent rating, a 0 percent rating will be assigned when the required symptomatology is not shown. 38 C.F.R. § 4.31 (2017).

The rating of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14 (2017). However, that does not preclude the assignment of separate ratings for separate and distinct symptomatology where none of the symptomatology justifying a rating under one diagnostic code is duplicative of or overlapping with the symptomatology justifying a rating under another diagnostic code. Esteban v. Brown, 6 Vet. App. 259 (1994).

Rating a service-connected disability involving a joint rated on limitation of motion requires adequate consideration of functional loss due to pain and functional loss due to weakness, fatigability, incoordination, or pain on movement of a joint. 38 C.F.R. § 4.45 (2017); DeLuca v. Brown, 8 Vet. App. 202 (1995).

A VA examination of the joints must, wherever possible, include the results of the range of motion testing described in the final sentence of 38 C.F.R. § 4.59, which directs that the joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint. Correia v. McDonald, 28 Vet. App. 158, 168 (2016).

Disability of the musculoskeletal system is primarily the inability, due to damage or infection in parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. It is essential that the examination on which ratings are based adequately portrays the anatomical damage, and the functional loss, with respect to these elements. In addition, the regulations state that the functional loss may be due to pain, supported by adequate pathology and evidenced by the visible behavior of the veteran undertaking the motion. Weakness is as important as limitation of motion, and a part which becomes painful on use must be regarded as seriously disabled. 38 C.F.R. § 4.40 (2017). 

When rating joints, inquiry will be directed as to whether there is less movement than normal, more movement than normal, weakened movement, excess fatigability, incoordination, and pain on movement. 38 C.F.R. § 4.45 (2017).

The intent of the schedule is to recognize painful motion with joint or periarticular pathology as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. 38 C.F.R. § 4.59 (2017).

Disabilities of the spine are rated under the General Rating Formula for Rating Diseases and Injuries of the Spine. 38 C.F.R. § 4.71a, Diagnostic Codes 5235-5242 (2017). Intervertebral disc syndrome is rated under the General Formula for Rating Diseases and Injuries of the Spine or under the Formula for Rating Intervertebral Disc Syndrome based on Incapacitating Episodes, whichever method results in the higher rating when all disabilities are combined under 38 C.F.R. § 4.25. 38 C.F.R. § 4.71a, Diagnostic Code 5243 (2017).

Under the General Rating Formula for Rating Diseases and Injuries of the Spine, with or without symptoms such as pain (whether or not it radiates), stiffness or aching in the area of the spine affected by residuals of injury or disease, a 10 percent rating is warranted if forward flexion of the thoracolumbar spine is greater than 60 degrees, but not greater than 85 degrees; or the combined range of motion if the thoracolumbar spine is greater than 120 degrees, but not greater than 235 degrees; if forward flexion of the cervical spine is greater than 30 degrees, but not greater than 40 degrees; or the combined range of motion of the cervical spine is greater than 170 degrees, but not greater than 335 degrees; if there is muscle spasm, guarding, or localized tenderness not resulting in abnormal gain or abnormal spinal contour; or, if there is a vertebral body fracture with loss of 50 percent for more of the height. 38 C.F.R. § 4.71a, Diagnostic Codes 5237 (2017). 

A 20 percent rating is warranted if forward flexion of the thoracolumbar spine is greater than 30 degrees, but not greater than 60 degrees; or the combined range of motion of the thoracolumbar spine is not greater than 120 degrees; if forward flexion of the cervical spine is greater than 15 degrees, but not greater than 30 degrees; or the combined range of motion of the cervical spine not greater than 170 degrees; or, if there is muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. Id.

A 30 percent rating is warranted if forward flexion of the cervical spine is limited to 15 degrees or less; or if there is favorable ankylosis of the entire cervical spine. Id.

A 40 percent rating is warranted if forward flexion of the thoracolumbar spine is limited to 30 degrees or less; if there is favorable ankylosis of the entire spine; or, if there is unfavorable ankylosis of the entire cervical spine. Id.

A 50 percent rating is warranted if there is unfavorable ankylosis of the entire thoracolumbar spine. Id.

A 100 percent rating is warranted if there is unfavorable ankylosis of the entire spine. Id.

The Formula for Rating IVDS Based on Incapacitating Episodes provides a 10 percent rating for incapacitating episodes having a total duration of at least one week but less than two weeks during the past 12 months. A 20 percent rating is warranted when there are incapacitating episodes having a total duration of at least 2 weeks but less than 4 weeks during the past 12 months. A 40 percent rating is warranted when there are incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months. A 60 percent rating is warranted when there are incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. See 38 C.F.R. § 4.71a, General Rating Formula, Diagnostic Code 5247 (2017).

The Board has reviewed all evidence of record pertaining to the history of the service-connected disabilities. The Board has found nothing in the record with would lead to the conclusion that the current evidence of record is not adequate for rating purposes. 38 C.F.R. §§ 4.1, 4.2, 4.41, 4.42 (2017); Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2017); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

Analysis

Prior to January 13, 2017

The Veteran was service-connected at 10 percent disabling for his lumbar spine disability staring prior to January 13, 2017. As noted above, a 20 percent is warranted if forward flexion of the thoracolumbar spine is greater than 30 degrees, but not greater than 60 degrees; or the combined range of motion of the thoracolumbar spine is not greater than 120 degrees; or, if there is muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.

The Veteran had compensation and pension examinations (C&P) at VA medical centers for his back in May 2010, January 2014, August 2014, and in October 2015. In all of these examinations, the Veteran had thoracolumbar spine forward flexion in excess of 60 degrees, and combined range of motion of the thoracolumbar spine greater than 120 degrees. Similarly he had no muscle spasms or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. The examinations, in combination with other VA medical records and service treatment records (STRs), failed to demonstrate that the Veteran's thoracolumbar spine disability warranted a rating higher than 10 percent prior to January 13, 2017.

The Board has also considered the effect of pain and weakness in evaluating the Veteran's disability. 38 C.F.R. §§ 4.40, 4.45, 4.59, DeLuca, 8 Vet. App. 202 (1995). In this regard, the Board notes that the May 2010 examination report shows that there was no additional limitation with repetitive motion but there was evidence of pain. The January 2014 examination report shows that the Veteran did not have any additional limitation in range of motion following repetitive-use testing but he did have some functional loss/impairment in the way of less movement than normal, pain, and loss of lumbar curve. The August 2014 examination report showed that the Veteran did not have additional limitation in range of motion following repetitive use but he had functional loss/impairment in the way of less movement than normal and pain on movement. The October 2015 examination report shows that the Veteran was able to perform repetitive use testing without additional loss of function or range of motion. The examiner noted that pain, weakness, fatigability, or incoordination did not significantly limit functional ability with repeated use over time. Although the Veteran experienced additional functional limitations on repetitive motion, the loss in range of motion is not commensurate with that for the next higher rating. Based on the evidence, the Board finds that the current 10 percent evaluation adequately portray any functional impairment, pain, and limitation of motion that the Veteran experiences as a consequence of use of his low back. See DeLuca, 8 Vet. App. 202; 38 C.F.R. 
§§ 4.40, 4.45, 4.59 (2017)

The Board has also considered whether a higher rating would be warranted under 
the Formula for Rating IVDS Based on Incapacitating Episodes. However, the record reflects that the Veteran does not have IVDS so consideration under these criteria is not appropriate. 38 C.F.R. § 4.71a, Diagnostic Code 5243 (2017).

Beginning January 13, 2017 

The Veteran has been service-connected at 20 percent disabling for his lumbar spine disability from January 13, 2017. A higher rating for a lumbar spine disability is warranted if forward flexion of the thoracolumbar spine is limited to 30 degrees or less; or if there is favorable ankylosis of the entire spine. 38 C.F.R. § 4.71a, Diagnostic Codes 5237 (2017).

The disability evaluation was increased due to a January 2017 C&P examination. The examination report showed that thoracolumbar spine forward flexion of 60 degrees but there was no ankylosis of the spine of any kind. As there is no evidence of forward flexion of the thoracolumbar spine limited to 30 degrees or less, or favorable ankylosis of the entire spine, the criteria for a higher rating are not met. 

The Board has also considered the effect of pain and weakness in evaluating the Veteran's disability. 38 C.F.R. §§ 4.40, 4.45, 4.59, DeLuca, 8 Vet. App. 202 (1995). The January 2013 examination report noted that Veteran was able to perform repetitive use testing and there was no additional loss of function or range of motion; and pain, weakness, fatigability, or incoordination did not significantly limit functional ability with repeated used over time. Based on the evidence, the Board finds a higher evaluation is not warranted. See DeLuca, 8 Vet. App. 202; 38 C.F.R. §§ 4.40, 4.45, 4.59 (2017)

The Board has also considered whether a higher rating would be warranted under 
the Formula for Rating IVDS Based on Incapacitating Episodes. However, the record reflects that the Veteran does not have IVDS so consideration under these criteria is not appropriate. 38 C.F.R. § 4.71a, Diagnostic Code 5243 (2017).

The Board notes that during the pendency of the appeal the disability evaluation for the Veteran's bilateral lower extremity radiculopathy was increased. The Veteran has not disagreed with the rating and therefore the Board will not address the issue herein. 

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).



ORDER

Entitlement to an increased evaluation for history of degenerative arthritis of the lumbar spine with surgical repair of herniated discs three times, initially evaluated as 10 percent disabling prior to January 13, 2017, and 20 percent disabling thereafter is denied. 




____________________________________________
LANA K. JENG
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs