**Leonardo A. ESTEBAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–693.**

United States Court of Veterans Appeals.

Feb. 25, 1994.

Leonardo A. Esteban, pro se.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John C. Winkfield, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, MANKIN, and STEINBERG, Judges.

KRAMER, Judge:

Appellant, Leonardo A. Esteban, appeals an April 29, 1992, decision of the Board of Veterans' Appeals (Board or BVA) which denied entitlement to an increased rating for residuals of an injury to the right side of the face, with residual scars, injury to the facial muscles, and disfigurement, currently rated as 10% disabling. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). This matter is currently before the Court on a motion for panel review (motion) of a decision of this Court dated October 5, 1993. The Court grants appellant's motion and reverses the BVA decision, with direction to the BVA to award appellant a 30% rating.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant served on active duty from July 1946 to April 1949, including service in Japan during World War II. R. at 10. In approximately January 1949, he was injured on the right side of his face in a motor vehicle

accident in Okinawa, and was hospitalized until March 1949. R. at 11–19, 29.

An October 1977 VA disability examination report revealed that appellant had a history of a fractured bone on the right side of the face due to the 1949 motor vehicle accident. The doctor observed four scars on the right side of the face: one on the temple, two in the cheekbone area, and one near the mouth, all residual of lacerations incurred in the 1949 motor vehicle accident. The report further noted that disfigurement was slight to moderate, that there was injury to the facial muscles, and that appellant was experiencing pain on the right side of the face. R. at 19–22. At some point after this examination (it is unclear from the record on appeal), appellant was granted service connection under 38 C.F.R. § 4.118, Diagnostic Code (DC) 7800 (1993) (disfiguring scars), and was rated at 10% (moderately disfiguring).

In August 1987, another VA disability examination was performed on appellant. The same facial scars were noted, and were diagnosed as slightly disfiguring. R. at 28–32.

In July 1988, appellant's private physician, Dr. Corsino B. Torno, issued a medical certificate stating that appellant had paralysis on the right side of his face. R. at 33. On June 2, 1989, the BVA once again denied an increase in the 10% rating for disfiguring facial scars. The Board noted that appellant contended that he experienced numbness in his face and pain in the areas of the scars, but concluded that "the service connected disability by its nature is static" and that no further examination would be necessary. R. at 37.

In June 1991, Dr. Torno issued another medical certificate indicating that appellant had impaired sensation in the right side of his face and disfiguring scars. R. at 38. In September 1991, appellant obtained another VA disability examination. The report reveals that appellant had four scars due to prior injury, with injury to muscles, difficulty in mastication, and slight disfigurement. Appellant continued to complain of pain on the right side of the face. R. at 41–6. On October 31, 1991, the Regional Office (RO) confirmed its rating decision and denied an increase in the 10% rating, stating that the

evidence confirmed that appellant's condition under DC 7800 was static. R. at 47.

Appellant appealed to the BVA in February 1992. On April 29, 1992, the BVA again denied an increase in the 10% rating under DC 7800. The Board, however, conceded that appellant could be rated under any of three DCs:

The residuals of injury to the right side of [the] veteran's face may be rated on the basis of disfigurement pursuant to [DC] 7800, on the basis of the scars being tender and painful, pursuant to [DC] 7800 [sic], *or* on the basis of muscle injury to the facial muscles pursuant to [DC] 5325.

R. at 6 (emphasis added). As to the disfigurement, the Board concluded that it was no more than moderate, and therefore appellant was not entitled to "an award in excess of the 10 percent currently assigned." *Id.* As to the painful and tender scars, the Board concluded that "the veteran's complaints . . . are compatible with superficial scars that are tender and painful on objective demonstration [so as to] warrant a 10 percent disability rating." *Id.* Finally, the Board stated that appellant had an "injury to the facial muscles . . . [which] affect[s] mastication," (R. at 4) and concluded that "[t]he 10 percent disability rating currently assigned is also consistent with an injury to the facial muscles, pursuant to [DC] 5325." R. at 6. However, the Board determined that appellant may be rated under only one of the DCs, as opposed to all three, because "the evidence of record shows that the residual of an injury to the right side of the veteran's face is compatible with, but does not meet any of the schedular criteria for a rating higher than 10 percent." *Id.*

## II. PERTINENT LAW

In order to be service connected for a disability, it must be established that the disability was incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (1993). The rating schedule for each disability represents, as far as can practicably be determined, the average impairment in earning capacity, resulting from each disability and its residual conditions, in civil occupations. *See* 38 U.S.C. § 1155; 38 C.F.R. § 4.1 (1993). Where there is a ques-

tion as to which of two evaluations are to be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (1993). Except as otherwise provided in the rating schedule, all disabilities, including those arising from a single disease entity, are to be rated separately, and then all ratings are to be combined pursuant to 38 C.F.R. § 4.25 (1993).

One exception provided for is the anti-pyramiding provision of 38 C.F.R. § 4.14 (1993), which states that evaluation of the "same disability" or the "same manifestation" under various diagnoses is to be avoided. In *Brady v. Brown*, 4 Vet.App. 203 (1993), this Court faced the issue of whether a veteran may receive separate ratings for a psychiatric disorder and physical symptoms associated with the disorder. The BVA denied separate ratings, concluding that rating the conditions separately would compensate the veteran twice for the same disorder. *Id.* at 205–06. The Court interpreted 38 U.S.C. § 1155 as implicitly containing the concept that "the rating schedule may not be employed as a vehicle for compensating a claimant twice (or more) for the same symptomatology; such a result would overcompensate the claimant for the actual impairment of his earning capacity" and would constitute pyramiding. *Id.* at 206. The opinion further stated that the VA cautioned against this "pyramiding of disabilities" in 38 C.F.R. § 4.14. *Id.*

The Court in *Brady* then applied 38 C.F.R. § 4.132, DCs 9500–11, Note (2) (1993), another exception to the rule that all disabilities are to be rated separately, which states:

> When two diagnoses, one organic and the other psychological or psychoneurotic, are presented covering the organic and psychiatric aspects of a single disability entity, *only one percentage rating will be assigned under the appropriate diagnostic code determined by the rating board to represent the major degree of disability.*

(Emphasis added.) Based on this application, the Court concluded that the Board's determination that the veteran's physical symptoms were manifestations of his psychiatric disorder, and thus may not be rated

twice, was not clearly erroneous. *Brady,* 4 Vet.App. at 206–07.

In *Fanning v. Brown,* 4 Vet.App. 225 (1993), the Court reaffirmed its reasoning in *Brady, supra,* that pyramiding of disabilities is to be avoided pursuant to 38 U.S.C. § 1155 and 38 C.F.R. § 4.14. In *Fanning,* the veteran was seeking separate ratings for a hernia disability under 38 C.F.R. § 4.114, DC 7338 (1993), and a tender and painful scar associated with a repair to the hernia under 38 C.F.R. § 4.118, DC 7804 (1993). The BVA had refused to grant separate ratings, concluding that a separate rating for the scar would constitute pyramiding. *Id.* at 231. The Court, after stating that it is possible for a veteran to have separate and distinct manifestations from the same injury permitting two different disability ratings, remanded the matter to the BVA because it had failed to state "reasons or bases" for denying the separate ratings due to pyramiding. *Id.; see* 38 U.S.C. § 7104(d)(1); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990).

## III. ANALYSIS

Appellant asserts that he is entitled to separate ratings for his three facial problems. The Board found that appellant has disfiguring scars; painful scars; and facial muscle damage resulting in mastication problems. The BVA conceded that appellant may be rated as 10% disabling under any of the three diagnostic codes associated with these conditions, but refused to grant appellant separate ratings under DC 7804 (painful scars) or under DC 5325 (facial muscle injury; 10% rating "if interfering to any extent with mastication"). Thus, as none of the three DCs in question provide that a veteran may not be rated separately for the described conditions, pursuant to 38 C.F.R. § 4.25, appellant's conditions are to be rated separately unless they constitute the "same disability" or the "same manifestation" under 38 C.F.R. § 4.14.

The BVA concluded that appellant is entitled to a 10% rating for moderately disfiguring scars under DC 7800. The condition embodied in a rating under DC 7800 is entirely cosmetic in nature. Such rating does not contain any component of pain or muscle

damage. The critical element is that *none* of the symptomatology for any one of these three conditions is *duplicative* of or *overlapping* with the symptomatology of the other two conditions. Appellant's symptomatology is distinct and separate: disfigurement; painful scars; and facial muscle damage resulting in problems with mastication. Thus, as a matter of law, appellant is entitled to combine his 10% rating for disfigurement under DC 7800 with an additional 10% rating for tender and painful scars under DC 7804 and a third 10% rating for facial muscle injury interfering with mastication under DC 5325.

### IV. CONCLUSION

Based upon the above, appellant's motion is GRANTED, and the BVA decision is REVERSED, and the matter is REMANDED for proceedings consistent with this opinion. This opinion supersedes the decision in this matter dated October 5, 1993.