Citation Nr: 1730429 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 09-34 749 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to an initial evaluation in excess of 30 percent for bilateral plantar fasciitis (claimed as heel spur).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Jacquelynn M. Jordan, Associate Counsel

INTRODUCTION

The Veteran served in the U.S. Army from October 1974 to October 1977 and January 1991 to March 1991. The Veteran served during the Vietnam Era, Peacetime and Gulf War Era.

This matter comes before the Board of Veteran's Appeals (Board) on appeal from a September 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.



FINDINGS OF FACT

For the appeal period, the Veteran's bilateral plantar fasciitis has been productive of severe; objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated.


CONCLUSION OF LAW

The criteria for an initial rating in excess of 30 percent for the entire appeal period, for bilateral plantar fasciitis have not been met. 38 U.S.C.A. §§ 1155, 5013, 5103A, 5107, 7104 (West 2014); 3.103, 3.159, 3.321, 4.1, 4.7, 4.71a, Diagnostic Code 5276 (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has satisfied its duties under the Veteran's Claims Assistance Act of 2000 (VCAA) to notify and assist, and the Veteran has not raised any procedural arguments regarding the notice or assistance provided in this case. Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Merits of the Claim

Disability evaluations are determined by the application of the VA Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1.

In a claim for a greater original rating after an initial award of service connection, all of the evidence submitted in support of the Veteran's claim is to be considered. In initial rating cases, separate ratings can be assigned for separate periods of time based on the facts found, a practice known as "stage" ratings. Fenderson v. West, 12 Vet. App. 119 (1999); 38 C.F.R. § 4.2. For reasons discussed in more detail below, the Board finds that the competent evidence demonstrates that the severity of the Veteran's service-connected disability warrants no more than a 30 percent disability rating for the appeal period.

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.71a, Diagnostic Code 5276.

In accordance with 38 C.F.R. §§ 4.1 , 4.2 and Schafrath v. Derwinski, 1 Vet. App. 589 (1991), the Board has reviewed the service medical records and all other evidence of record pertaining to the history of the Veteran's service-connected disability. The Board has found nothing in the historical record that would lead to the conclusion that the current evidence of record is not adequate for rating purposes. The Board is of the opinion that this case presents no evidentiary considerations, except as noted below, that would warrant an exposition of the remote clinical history and findings pertaining to the disability at issue.

Pyramiding, that is the evaluation of the same disability, or the same manifestation of a disability, under different diagnostic codes, is to be avoided when evaluating a Veteran's service-connected disability. 38 C.F.R. § 4.14; see Esteban v. Brown, 6 Vet. App. 259, 261- 62 (1994).

Background

The Veteran filed a claim for heel spurs in July 2012. In September 2013, the Veteran was granted service connection for plantar fasciitis (claimed as heel spur), with a noncompensable rating, effective July 31, 2012. The Veteran filed a notice of disagreement. In May 2015, the Board remanded the claim for a compensable rating for plantar fasciitis. The Veteran was afforded a VA examination in August 2015. In September 2015, a suitable medical professional provided a medical opinion regarding the Veteran's bilateral plantar fasciitis. Also in September 2015, the Veteran requested a hearing, citing the inadequacy of his August 2015 VA examination and the subsequent September 2015 medical opinion. In November 2015, the Veteran testified before a hearing officer regarding the August 2015 examination for plantar fasciitis. The Veteran was afforded a VA examination in December 2016. In March 2017, the Veteran was granted a 30 percent evaluation for his service connected plantar fasciitis, effective July 31, 2012.

Plantar Fasciitis

The Veteran's bilateral plantar fasciitis is currently evaluated at 30 percent disabling, effective July 31, 2012, pursuant to 38 C.F.R. § 4.71a, Diagnostic Code 5276.

Under Diagnostic Code 5276, a 30 percent evaluation for bilateral fasciitis requires severe; objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated, indication of swelling on use, characteristic callosities.

A 50 percent rating, the maximum, for bilateral plantar fasciitis, is prescribed when there is evidence of pronounced; marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm of tendo achillis on manipulation, not improved by orthopedic shoes or appliances.
The Veteran maintains that an increased evaluation is warranted for his service connected condition.

The Veteran was afforded an examination in December 2016. The Veteran indicated he has pain in both feet with walking and standing. He stated, pain is present constantly in his left foot, which gets worse with walking and standing. He detailed pain in the ball of his right foot and in the front of his right heel, which is worse with weight bearing activity. He indicated the plantar fasciitis symptoms have gotten better since his military service and he does not have a job with a lot of walking. The examiner noted, pain on use of feet and pain on manipulation of the feet and decreased longitudinal arch height in one or both feet on weight bearing. However, the examiner also noted no extreme tenderness of plantar surfaces, no inward displacement and severe spasm of the achilles tendon on manipulation, "inward" bowing of the achilles tendon, or marked pronation of one or both feet. Additionally, the Veteran indicated he uses orthotics to relieve pain with standing or walking. 

Given the evidence detailed above, the Veteran's bilateral plantar fasciitis symptoms more closely approximates a 30 percent disability rating under Diagnostic Code 5276. The Board highlights the December 2016 examination. The examiner noted functional loss and limitation of motion in both feet, manifested in pain on weight-bearing, pain on non weight-bearing, interference, and lack of endurance. The examiner reported that the Veteran's bilateral fasciitis remains symptomatic despite the use of orthotics. The Board finds the probative evidence of record indicates pain on manipulation and use accentuated and adequately warrants a 30 percent disability rating for the appeal period. 

The next higher, and maximum rating, 50 percent, is not demonstrated by the evidence of record, as the Veteran's plantar fasciitis is not manifested by pronounced; marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm of the tendo achillis on manipulation, not improved by orthopedic shoes or appliances. The December 2016 examiner, specifically noted the absence of all of these symptoms in the disability benefits questionnaire (DBQ), as was detailed above. The Board finds that the Veteran's bilateral plantar fasciitis has been manifested by severe disability with probative evidence of pain on manipulation and use accentuated, with no indication of swelling. 38 C.F.R. § 4.71a, Diagnostic Code 5276.

After reviewing the evidence of record, both lay and medical, and resolving all reasonable doubt in the Veteran's favor, the Board finds that a 30 percent initial rating is warranted for bilateral plantar fasciitis under DC 5276 for the entire period on appeal.


ORDER

Entitlement to an initial evaluation in excess of 30 percent for bilateral plantar fasciitis is denied.



____________________________________________
Cynthia M. Bruce
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs