Citation Nr: 1736738 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 12-22 874 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to a disability rating in excess of 50 percent for post-traumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: James G. Fausone, Attorney


ATTORNEY FOR THE BOARD

J. Wozniak, Associate Counsel



INTRODUCTION

The Veteran served in the U.S. Army from April 1966 to November 1967.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a June 2011 decision of the Houston, Texas, Regional Office (RO). In December 2014, the Board remanded the appeal to the RO for additional development.

Pursuant to VA's duties to notify and assist the Veteran, VA advised the claimant how to substantiate an application for benefits, obtained all relevant and available evidence and conducted any appropriate medical inquiry. The appeal is ready for appellate review.


FINDINGS OF FACT

1. During the period on appeal, the Veteran's PTSD has been shown to be manifested by no more than depression, substance abuse, suicidal ideation, visual and auditory hallucinations, hypervigilance, confusion while driving, intense guilt, ability to complete household chores, and occasional church attendance.

2. The Veteran's service-connected disorders make him unable to secure or follow a substantially gainful occupation.


CONCLUSIONS OF LAW

1. The criteria for a rating of 70 percent, since March 21, 2007, for PTSD have been met. 38 U.S.C.A.§§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.2, 4.7, 4.14, 4.21, 4.130, Diagnostic Code 9411 (2016).

2. The criteria for a total disability rating based on individual unemployability (TDIU), since April 2010 have been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.326(a), 4.16 (2016).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Disability evaluations are determined by comparing the Veteran's current symptomatology with the criteria set forth in the Schedule For Rating Disabilities. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. Part 4 (2016). The Veteran's PTSD is presently evaluated as 50 percent with contemplates symptoms of occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. 38 C.F.R. § 4.130, Diagnostic Code 9411 (2016).

A 70 percent evaluation requires occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking, or mood due to symptoms such as suicidal ideation, obsessional rituals which interfere with routine activities, intermittently illogical, obscure, or irrelevant speech, near continuous panic or depression affecting the ability to function independently, appropriately and effectively, impaired impulse control (such as unprovoked irritability with periods of violence), spatial disorientation, neglect of personal appearance and hygiene, difficulty in adapting to stressful circumstances (including work or a work like setting), and an inability to establish and maintain effective relationships. Id.

A 100 percent evaluation requires total occupational and social impairment due to symptoms such as gross impairment in thought processes or communication, persistent delusions or hallucinations, grossly inappropriate behavior, a persistent danger of hurting himself or others, an intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene), disorientation to time or place, and memory loss for names of close relatives, own occupation, or own name. Id.

The use of the phrase "such symptoms as," followed by a list of examples, provides guidance as to the severity of symptomatology contemplated for each rating. In particular, use of such terminology permits consideration of items listed as well as other symptoms and contemplates the effect of those symptoms on the claimant's social and work situation. See Mauerhan v. Principi, 16 Vet. App. 436 (2002).

Where there is a question as to which of two disability evaluations should be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower evaluation will be assigned. 38 C.F.R. § 4.7. 

The evaluation of the same disability under several diagnostic codes, known as pyramiding, must be avoided. Separate ratings may be assigned for distinct disabilities resulting from the same injury so long as the symptomatology for one condition is not duplicative of, or overlapping with, the symptomatology of the other condition. 38 C.F.R. § 4.14; Esteban v. Brown, 6 Vet. App. 259, 262 (1994). 

In August 2009, the Veteran was afforded a VA examination. The Veteran reported increased symptoms of arousal, difficulty sleeping, hypervigilance, passive suicidal ideation, intense guilt, depression, and substance abuse. The Veteran reported that he enjoys fishing, sometimes goes to church, and denied being physically explosive even though he is irritable. The examiner indicated the Veteran had appropriate and stable affect with logical, coherent, and goal directed thought processes. The examiner concluded the Veteran suffered from PTSD, depressive disorder, alcohol dependence, and polysubstance abuse.

In September 2010, the Veteran was afforded a VA examination. The Veteran reported last working in April 2010 as a security guard and being terminated because he has a short temper and was not able to pass the required physical tests due to his service-connected ankle disability. The Veteran reported drinking approximately seven beers daily for a long time and using many different substances. The Veteran indicated he is married with two children and speaks with his children regularly but does not have any friends and spends most of his days doing things around the house. The Veteran reported intrusive memories on a daily basis and specific recurring nightmares three times per week. The examiner indicated the Veteran has hypervigilance, mild paranoia, sleep trouble, irritability, night sweats, poor attention, poor concentration, and an increased startle response. The examiner noted no suicidal ideation, homicidal ideation, or hallucinations. The examiner noted the Veteran's PTSD affects his ability to perform a job at a high level but opined the Veteran is still capable of getting a job. 

In a May 2011 addendum opinion, the examiner opined that the Veteran has depression which is made worse by his alcohol abuse and noted that the Veteran's PTSD symptoms would likely improve if he reduced his alcohol abuse. The examiner noted the Veteran experiences PTSD-type hypervigilance and sometimes hears voices. 

In a February 2012 VA treatment note the Veteran is noted to experience visual and auditory hallucinations in the form of voices that are talking angrily amongst themselves with no homicidal or suicidal ideation. The Veteran also reported night sweats, and nightmares. The Veteran noted continued church attendance and indicated that Jesus was helping him. 

In February 2015, the Veteran was afforded a VA examination. The Veteran reported reducing alcohol consumption to approximately two or three beers per day. The Veteran indicated that he wakes up three to five times per night, has a depressed mood, and suicidal ideation. The examiner noted the Veteran enjoys fishing but has not gone fishing in a long time and did not mention additional hobbies. The examiner noted the Veteran's speech was clear, relevant and coherent, and his judgment and reasoning were good. In one occupational section, the examiner opined that the Veteran's PTSD causes intermittent periods of inability to perform occupational tasks but noted the Veteran is generally functioning satisfactorily. In a separate occupational question the examiner noted the Veteran's PTSD causes clinically significant impairment in occupational and social situations. 

In a September 2016 addendum opinion, the examiner opined the Veteran's service connected disabilities do not cause significant functional impairment and that the Veteran is able to handle household tasks and projects such as painting. The Veteran reported a reduction in alcohol consumption to approximately one or two beers per week. The Veteran also maintains involvement in his children and grandchildren's lives. The examiner concluded the Veteran's service-connected disabilities do not interfere with his social and occupational function due to appropriate stabilization, treatment, and management. 

In August 2017 the Veteran's wife submitted a lay statement indicating the Veteran has nightmares constantly, attempted suicide once, gets confused while driving, is unable to handle the finances, and is a "loner." 

During the period on appeal, the Veteran's PTSD has been shown to be manifested by no more than depression, substance abuse, suicidal ideation, visual and auditory hallucinations, hypervigilance, confusion while driving, intense guilt, ability to complete household chores, and occasional church attendance.

Given these facts, the Board finds that a 70 percent rating is warranted under Diagnostic Code 9411 for PTSD. A 100 percent rating is not warranted under Diagnostic Code 9411 because the Veteran does not experience gross impairment in thought processes and communication and is capable of completing household projects such as painting and is able to attend church. 

VA regulations allow for the assignment of TDIU when a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, and the veteran has certain combinations of ratings for service connected disabilities. If there is only one such disability, that disability must be ratable at 60 percent or more. If there are two or more disabilities, there must be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). The Veteran has met the schedular criteria for TDIU since March 21, 2007 but continued working until April 22, 2010. 

Given the Veteran's inability to perform physical labor because of his service-connected ankle disability and sedentary work due to his short temper and poor concentration, combined with the other symptoms of his service-connected PTSD, the Board finds that the Veteran has been unable to secure or follow a substantially gainful occupation since April 22, 2010. 


ORDER

A rating of 70 percent for PTSD since March 21, 2007, is granted.

Effective April 22, 2010, a total rating based on individual unemployability is granted.



____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs