﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/25/19

DOCKET NO. 181018-685
DATE: February 26, 2019

ORDER

Entitlement to an initial rating greater than 10 percent for residual scar, squamous cell carcinoma, from August 22, 2008 to June 23, 2018, is denied.

FINDING OF FACT

The Veteran’s residual scar from his squamous cell carcinoma measures 0.6cm by 0.6cm, is not tender or unstable, and results in no current conditions or complications. 

CONCLUSION OF LAW

The criteria for entitlement to an initial rating greater than 10 percent for residual scar, squamous cell carcinoma, have not been met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § 4.118, Diagnostic Code (DC) 7800 (2008).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the United States Army from June 1979 to June 1982.

The Board notes that the issues of entitlement to service connection for a left knee disability and a psychiatric disability are in appellate status as the result of a December 2018 Joint Motion for Partial Remand and Order from the Court of Appeals for Veterans Claims (Court). However, these issues are not currently ripe for appellate determination and will be the subject of a separate Board decision.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to an initial rating greater than 10 percent for residual scar, squamous cell carcinoma

Disability evaluations are determined by evaluating the extent to which a veteran’s service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities. The percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and the residual conditions in civilian occupations. Generally, the degree of disabilities specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.1 (2018). Separate DCs identify the various disabilities and the criteria for specific ratings. If two disability evaluations are potentially applicable, the higher evaluation will be assigned to the disability picture that more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2018). Any reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3 (2018).

The Veteran’s entire history is reviewed when making a disability determination. See 38 C.F.R. § 4.1 (2018). VA must consider whether the Veteran is entitled to “staged” ratings to compensate when his or her disability may have been more severe than at other times during the course of his or her appeal.

The evaluation of the same disability under various diagnoses, known as pyramiding, is generally to be avoided. 38 C.F.R. § 4.14 (2018). The critical element in permitting the assignment of several ratings under various DCs is that none of the symptomatology for any one of the disabilities is duplicative or overlapping with the symptomatology of the other disability. See Esteban v. Brown, 6 Vet. App. 259, 261-62 (1994).

At the time of the Veteran’s original claim, there were multiple DCs designated for scars, located under DCs 7800-7805, depending on the location, size and severity of the scar. 38 C.F.R. § 4.118, DCs 7800-7805 (2008). In this case, the Veteran’s residual scar, squamous cell carcinoma, is currently rated 10 percent under DC 7800, for a scar that was at least one-quarter inch (0.6cm) wide at its widest point. See 38 C.F.R. § 4.118, DC 7800 (2008). The Veteran alleges his scar warrants a greater rating.

As an initial matter, the Board notes that the criteria for rating scars were revised, effective October 23, 2008. See 73 Fed. Reg. 54,708 (Sept. 23, 2008) (codified at 38 C.F.R. § 4.118, DCs 7800 to 7805). The amendments are only effective, however, for claims filed on or after October 23, 2008, although a claimant may request consideration under the amended criteria. In this case, the Veteran has not requested such consideration. The revised criteria, therefore, are not applicable to the appeal before the Board. In any case, the Board notes that the provisions of DC 7800 were unchanged in the revised regulations and, as such, the changes would not affect the evaluation of the Veteran’s rating in this case.

As will be discussed below, the Veteran’s symptomatology is most analogous to DC 7800. DC 7800 provides ratings for disfigurement of the head, face, or neck. Note (1) to DC 7800 provides that the 8 characteristics of disfigurement, for purposes of rating under 38 C.F.R. § 4.118, are: 

(1) scar is 5 or more inches (13 or more cm.) in length; (2) scar is at least one-quarter inch (0.6 cm.) wide at the widest part; (3) surface contour of scar is elevated or depressed on palpation; (4) scar is adherent to underlying tissue; (5) skin is hypo-or hyper-pigmented in an area exceeding six square inches (39 sq. cm.); (6) skin texture is abnormal (irregular, atrophic, shiny, scaly, etc.) in an area exceeding six square inches (39 sq. cm.); (7) underlying soft tissue is missing in an area exceeding six square inches (39 sq. cm.); (8) skin is indurated and inflexible in an area exceeding six square inches (39 sq. cm.). 

DC 7800 provides that a skin disorder with one characteristic of disfigurement of the head, face, or neck is rated 10 percent disabling. A skin disorder of the head, face, or neck with visible or palpable tissue loss and either gross distortion or asymmetry of one feature or paired set of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with two or three characteristics of disfigurement, is rated 30 percent disabling. A skin disorder of the head, face, or neck with visible or palpable tissue loss and either gross distortion or asymmetry of two features or paired sets of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with four or five characteristics of disfigurement, is rated 50 percent disabling. A skin disorder of the head, face, or neck with visible or palpable tissue loss and either gross distortion or asymmetry of three or more features or paired sets of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with six or more characteristics of disfigurement, is rated 80 percent disabling. 

VA and private treatment records include numerous examinations of the nose, but include no complaints regarding any residuals or complications from the Veteran’s treated squamous cell carcinoma of the nose. A July 2003 private treatment record, for example, noted that the skin was normal and without lesions. In July 2007, September 2008, August 2010, May 2015, March 2016, and June 2016, for example, the Veteran was noted to have no lesions of the skin on examination.

The Veteran was afforded a VA examination in July 2016. The examiner noted a diagnosis of squamous cell carcinoma in May 1990. The Veteran reported that he developed a lesion on his nose during service that over time grew and became painful. The Veteran ultimately was diagnosed with cancer and underwent surgery with a laser. There had been no recurrence of the cancer lesions. There was a residual scar on the left side of the nose, lateral aspect, mid portion with superficial mark and mild hyperpigmentation. The scar was not painful or unstable. It measured 1.0cm by 1.0cm. There were no systemic manifestations of the skin cancer, such as fever, weight loss, or hypoproteinemia. The Veteran had not been treated for the skin cancer residuals in the past year. There were no associated debilitating or non-debilitating episodes in the previous year. The Veteran had no residuals conditions or complications from the skin cancer. The residuals of the skin cancer did not affect the Veteran’s ability to work.

Under DC 7800, the Veteran is not entitled to a rating greater than 10 percent. In this regard, the Board notes that the Veteran’s residual scar on his nose from squamous cell carcinoma does not meet the requirements for a 30 percent rating under DC 7800. Specifically, the squamous cell carcinoma scar is at least 0.6 cm wide. However, the scar is not 5 or more inches in length. There is no evidence or suggestion that it is elevated or depressed on palpation or that it is adherent to underlying tissue. The scar is hyperpigmented, but the area does exceed 6 square inches (39 sq. cm.). There is no evidence or suggestion that the scar has an abnormal texture in an area exceeding 6 square inches (39 sq. cm.). There is no evidence of underlying soft tissue missing or that the Veteran’s skin is indurated or inflexible. 

No other DC applicable to scars would render a higher rating in this case. In regard to skin conditions, DCs 7801 and 7802 apply to scars other than the head, face, or neck and, as such, are inapplicable here. 38 C.F.R. § 4.118, DCs 7801, 7802 (2008). DCs 7803 (unstable scars), 7804 (painful scars), and 7805 (scars that cause limitation of motion) similarly do not apply here given the medical evidence indicated above. Id, DCs 7803, 7804, and 7805 (2008). Even were the Board to consider a higher a rating under the revised DCs as of October 23, 2008, a higher rating would not be warranted based on the evidence of record.

DC 7806 (dermatitis or eczema) affords a 30 percent rating for 20 to 40 percent of the whole body or 20 to 40 percent of exposed areas affected or for systemic therapy such as corticosteroids or other immunosuppressive drugs required for a total of six weeks or more during the previous twelve-month period. The foregoing requirements clearly are not met in this case in light of the small area of the Veteran’s residual squamous cell carcinoma scar of the nose. As such, a higher rating under DC 7806 is not warranted. 

Additionally, the Veteran has not been diagnosed with any of the disabilities covered by DCs 7807 (American leishmaniasis), 7808 (Old World leishmaniasis), 7809 (discoid lupus erythematosus or subacute cutaneous lupus erythematosus), 7811 (tuberculosis luposa), 7815 (bullous disorders), 7816 (psoriasis), 7817 (malignant skin neoplasms), 7820 (cutaneous manifestations of collagen-vascular diseases), 7822 (papulosquamous disorders), 7823 (Vitiligo), 7824 (keratinization), 7825 (urticaria), 7826 (vasculitis, primary cutaneous), 7827 (erythema multiforme; toxic epidermal necrolysis), 7828 (acne), 7829 (chloracne), 7830 (scarring alopecia), 7831 (alopecia areata), 7832 (hyperhidrosis), or 7833 (malignant melanoma). 38 C.F.R. § 4.118, DCs 7807-7809, 7811, 7815-7817, 7820-7833 (2008). Accordingly, a rating under any of those DCs would not be appropriate. 

The Board notes that separate disability ratings may be assigned for distinct disabilities resulting from the same injury so long as the symptomatology for one condition was not “duplicative of or overlapping with the symptomatology” of the other condition. See Esteban v. Brown, 6 Vet. App. 259, 262 (1994). In other words, in addition to the skin impairment (scar) rated under DC 7800, if the Veteran has other symptoms due to the scar, a separate rating could be assigned. For example, the Veteran’s disability may also be rated based on orthopedic or neurological impairment. See generally 38 C.F.R. §§ 4.71a, 4.73 and 4.124a. As shown by the evidence above, however, a separate rating is not warranted in this case. There is no medical evidence, nor does the Veteran contend, that there is orthopedic or neurological impairment. The claims file includes no evidence of decreased sensation or vascular impairment. Indeed, the Veteran does not appear to experience any symptoms with respect to his nose scar. As such, a rating in addition to the 10 percent current assigned under DC 7800 is not warranted. 

As shown above, and as required by Schafrath, 1 Vet. App. at 589, the Board has considered all potentially applicable provisions of 38 C.F.R. Parts 3 and 4, whether or not they have been raised by the Veteran. However, the Veteran is not entitled to a compensable rating for any of his scars under any neurological, orthopedic, muscular or skin DC. In this case, the Board finds no provision upon which to increase the Veteran’s current 10 percent compensable rating for his service-connected residuals of squamous cell carcinoma of the nose. As the greater weight of evidence is against the claim, there is no doubt on this matter that could be resolved in the Veteran’s favor.

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. J. Houbeck, Counsel