﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 191031-41086
DATE: December 31, 2019

ORDER

An initial rating of 10 percent, but not higher, for hypertension is granted.

FINDING OF FACT

Resolving doubt in the Veteran’s favor, his hypertension requires continuous medication for control and otherwise would have a history of diastolic pressure predominantly 100 or more.

CONCLUSION OF LAW

The criteria for an initial rating of 10 percent, but not higher, for hypertension have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.3, 4.7, 4.104, Diagnostic Code 7101.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army from March 1965 to March 1967.

1. Evaluation for hypertension

The Veteran asserts his hypertension should be rated 10 percent disabling.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The percentage ratings are based on the average impairment of earning capacity as a result of a service-connected disability, and separate diagnostic codes identify the various disabilities and criteria for specific ratings. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. All reasonable doubt as to the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3. 

In determining the propriety of the initial rating assigned after a grant of service connection, the evidence since the effective date of the grant of service connection must be evaluated and staged ratings must be considered. Staged ratings are appropriate when the evidence establishes that the claimed disability manifested symptoms that would warrant different ratings for distinct time periods during the course of the appeal. Fenderson v. Brown, 12 Vet. App. 119, 126-127 (1999).

The evaluation of the same disability under several diagnostic codes, known as pyramiding, must be avoided; however, separate ratings may be assigned for distinct disabilities resulting from the same injury so long as the symptomatology for one condition is not duplicative of or overlapping with the symptomatology of the other. Esteban v. Brown, 6 Vet. App. 259, 262 (1994); 38 C.F.R. § 4.14.

The Veteran is competent to give evidence of symptoms observable by his senses, and the Board finds him credible as his statements are detailed and consistent. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Hypertension is rated under the rating schedule for the cardiovascular system, 38 C.F.R. § 4.104, Diagnostic Code (DC) 7101. A compensable, 10 percent rating requires diastolic pressure predominantly 100 or more, or; systolic pressure predominantly 160 or more, or; minimum evaluation for an individual with a history of diastolic pressure predominantly 100 or more who requires continuous medication for control. 38 C.F.R. § 4.104, DC 7101. For a 20 percent rating, the evidence must show diastolic pressure predominantly 110 or more; or systolic pressure predominantly 200 or more. Id. Any higher rating requires higher diastolic pressure readings. Id.

The Board has reviewed the record and finds that the Veteran’s hypertension meets the criteria for a 10 percent rating but not higher. See 38 C.F.R. § 4.104, DC 7101.

After resolving doubt in the Veteran’s favor, the evidence shows his hypertension requires continuous medication for control and otherwise would have a history of diastolic pressure predominantly 100 or more. The record shows the Veteran was diagnosed with hypertension as far back as 2000 and treated with medications to control his blood pressure. The April 2019 examiner noted hypertension required daily medication to control and recorded the Veteran’s blood pressure as 180/100, 184/94, and 184/90. VA treatment records show numerous instances of diastolic pressure 100 or more, including on December 18, 2018, November 4, 2014, March 26, 2012, January 12, 2012, and October 12, 2006. As the Veteran has been on medication controlling his blood pressure for 20 years, evidence of his history of diastolic pressure prior to being medicated is not available. However, the multiple episodes of diastolic pressure over 100, despite medication, suggest that he would have a predominance of such pressures if a non-medicated history was available. Therefore, resolving doubt in the Veteran’s favor, the Board finds that his hypertension satisfies the requirements for a 10 percent rating.

The evidence does not support assignment of a rating in excess of 10 percent for hypertension. VA treatment records throughout the claims period fail to show any systolic pressure readings of 200 or more or diastolic readings of 110 or more, much less a predominance of such readings. A 20 percent or higher rating is not warranted for the Veteran’s hypertension. 

 

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.P. Armstrong, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.