﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190705-12644
DATE: March 31, 2020

ORDER

Entitlement to a 100 percent disability rating prior to May 13, 2019, for post-traumatic stress disorder, major depressive disorder, and anxiety disorder (mental disorders) is denied.

Entitlement to a 70 percent disability rating from May 13, 2019, for mental disorders is granted.

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. Prior to May 13, 2019, the Veteran’s mental disorders are manifested as occupational and social impairment with deficiencies in most areas.

2. From May 13, 2019, the Veteran’s mental disorders are manifested as occupational and social impairment with deficiencies in most areas.

3. The Veteran’s mental disorders does not preclude him from securing or following substantially gainful employment.

CONCLUSIONS OF LAW

1. The criteria for evaluation for a 100 percent disability rating prior to May 13, 2019, for mental disorders have not been met. 38 U.S.C. § § 1155, 5107(b); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.10; 4.130, Diagnostic Code (DC) 9411.

2. The criteria for evaluation to a 70 percent disability rating from May 13, 2019, for mental disorders have been met. 38 U.S.C. § § 1155, 5107(b); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.10; 4.130, DC 9411.

3. The criteria for entitlement to a TDIU have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran served active duty service from May 1968 to May 1970. 

A June 2019 rating decision was issued under AMA. 38 C.F.R. § 20.104(d). The Veteran appealed this decision and elected a direct review by the Board of Veterans’ Appeals (Board). 

The Board acknowledges that 38 C.F.R. § 3.105 (e) sets forth certain procedural requirements for reductions in disability compensation ratings. Although generally a reduction is void ab initio if the AOJ reduces a veteran’s disability rating without following these requirements, see Kitchens v. Brown, 7 Vet. App. 320, 325 (1995), where a reduced rating would not result in a decrease or discontinuance of the current compensation payments, there are no procedural requirements. VAOPGCPREC 71-91 (Nov. 1991).

Here, the AOJ did not issue the Veteran a rating action proposing the reduction in his disability rating for his mental disorders. However, such notice was not required. At the time that the AOJ issued the June 2019 rating decision, the combined evaluation for the Veteran’s service-connected disabilities was 100 percent. Despite the rating reduction, the Veteran’s overall compensation did not decrease. The lack of notice prior to the reduction, as typically required by 38 C.F.R. § 3.105 (e), does not, void the reduction. See VAOPGCPREC 71-91 (Nov. 1991). The Board will only adjudicate whether the Veteran is entitled to an increased disability rating. This is not prejudicial to the Veteran because the Board finds below that a 70 percent rating is warranted for the entire appeal period. 

Increased Rating

1. Entitlement to a 100 percent disability rating prior to May 13, 2019, for mental disorders is denied. 

Disability evaluations are determined by comparing a veteran’s present symptoms with the criteria set forth in the VA’s Schedule for Rating Disabilities (rating schedule), which is based on average impairment in earning capacity. 38 U.S.C. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a single diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. As such, the Board must consider all potentially applicable DCs when rating a Veteran’s disability. However, evaluation of the same manifestation of the same disability under various diagnoses, otherwise known as “pyramiding,” is to be avoided. 38 C.F.R. § 4.14; Esteban v. Brown, 6 Vet. App. 259, 261 (1994).

Staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007). The Veteran’s disability should be viewed in relation to its history. 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). 

Disability evaluations are determined by applying VA’s rating schedule. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Each service-connected disability is rated based on criteria identified by DC. 38 C.F.R. § 4.27. When reasonable doubt arises as to the degree of disability the issue will be resolved in favor of the claimant. 38 C.F.R. § 4.3. 

The Veteran’s mental disorders are rated at 38 C.F.R. § 4.130, DC 9411 under a General Rating Formula for Mental Disorders. A 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-term and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

A 70 percent is assigned where there is occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessed rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. 

A 100 percent is assigned for total occupational and social impairment, due to such symptoms as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation or own name. 

The symptoms listed above are just examples of degree of impairment, and consideration also must be given to factors outside the rating criteria. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002).

A veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 117 (Fed. Cir. 2013). Additionally, while symptomatology should be the primary focus when deciding entitlement to a given disability rating, § 4.130 requires not only the presence of certain symptoms but also that those symptoms have caused the requisite occupational and social impairment. Id. When evaluating a mental disorder, VA must consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the claimant’s capacity for adjustment during periods of remission. Id. VA shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner’s assessment of the level of disability at the moment of the examination. 38 C.F.R. § 4.126 (a). When evaluating the level of disability from a mental disorder, VA will consider the extent of social impairment, but shall not assign an evaluation solely on the basis of social impairment. 38 C.F.R. § 4.126(b).

The Veteran contends he is entitled to a higher disability rating for his mental disorders. 

In the March 2018 VA medical record, the Veteran stated he is “fine.” He reported improvement in bad dreams and better sleep quality because he had four hours of sleep per night. He reported continued intermittent intrusive thoughts, avoidance of crowds, and issues with irritability and impulsivity. He is still able to enjoy activities that bring him pleasure like fishing and drinking alcohol. He denied suicidal ideation, homicidal ideations, manic symptoms, and psychotic symptoms. His thought content was normal. His insight and judgment were fair. 

In the August 2018 VA medical record, it was noted that the Veteran stated that he is sleeping better and there is a reduction in nightmares. He had one nightmare every few weeks. He continues to endorse issues with irritability and impulsivity such as he “gets wound up,” “starts running his mouth,” and then calms down. He does not go anywhere without a gun because he does not feel safe without one. The Veteran reported that he used to enjoy eating at restaurants but now dislikes it. He gets depressed sometimes over “stuff,” and he worries a lot about things. He denies current suicidal ideation but stated he had thoughts a few years ago. He endorses homicidal ideation towards Muslims. His psychiatric symptoms had a “signif[icant]” impact on his marriage. His cognition was intact. His insight and judgment were fair. His thought content was normal. He stated that he did not feel like his anxiety was “out of control.” 

In the December 2018 VA medical record, it was noted that the Veteran stated that he sleeps 7-8 hours per night. He is doing well except for worrying. He denies suicidal ideation. He endorses significant road rage, but he denies intent or plan to harm anyone specific. His mood was “alright.” His thought content and speech were normal. He was fully oriented, his memory was stable, and his insight and judgment were fair.” 

In the June 2019 VA medical record, it was noted that the Veteran stated he is worrying about his prostate cancer. He has been feeling down in the dumps and depressed. He endorses having had good support from his wife, friends, and his mother-in-law. He still finds himself angry at times, like when he was driving through traffic. He continues to have nightmares/flashbacks such as dreams about shootings. He denies suicidal ideation. He endorses being agitated and wanting to hurt others in the moment, but he has good self-control and the feelings do not persist. 

In the May 13, 2019 VA examination, the VA examiner classified the Veteran’s occupational and social impairment as occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. Symptoms noted were depressed mood; anxiety; chronic sleep impairment; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships; and difficulty in adapting to stressful circumstances, including work and work like setting. 

Under relevant social/marital/family history, it was noted that the Veteran has been married for 7 years and has been in a relationship with his wife for 20 years. The relationship is “pretty good.” He enjoys watching television and home improvement activities with his wife. 

Under relevant occupational/educational history, it was noted that the Veteran retired from civil service in 1999. He denies historical problems on his past job. He does not have an advanced degree. 

Under relevant mental health history, it was noted that the Veteran had intrusive memories; prolonged distress after exposure to traumatic reminders; persistent effortful avoidance of distressing trauma-related stimuli; feelings of detachment from others; diminished interest in activities; persistent inability to experience positive emotions; irritable behavior; difficulties concentrating; and sleep disturbance. He experiences a depressed mood every day, feelings of worthlessness, and thoughts of death. His last thought of death occurred in October 2018. 

Upon review of the evidence, the Board finds that the Veteran’s mental disorders are best approximated by the 70 percent criteria prior to May 13, 2019. The VA medical records prior to May 13, 2019 closely approximates a 70 percent disability as explained above. For example, the August 2018 and December 2018 VA medical records both indicate passive homicidal ideation. Also, the VA medical records indicate distressing nightmares. Collectively, the impact of his symptoms more closely resembles occupational and social impairment in most areas. 

Therefore, the Board finds that the Veteran’s mental disorders are closely approximated by the criteria for a 70 percent disability rating prior to May 13, 2019. 

Similarly, a 70 percent disability rating is warranted from May 13, 2019. The May 13, 2019 VA examiner classified the Veteran’s and social impairment as occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. Although this correlates to the 30 percent rating criteria, the Veteran’s symptoms are closely approximated by the 70 percent criteria. In particular, the May 13, 2019 VA examiner noted that the Veteran has passive homicidal ideation, persistent depression, and continued sleep impairment. Additionally, in the June 2019 VA medical record, it was similarly noted that the Veteran has passive homicidal ideation and dreams about shootings. Overall, these are the same or similar symptoms that were identified in the VA medical records prior to May 13, 2019. 

Therefore, the Board finds that the Veteran’s mental disorders are closely approximated by the criteria for a 70 percent disability rating for the appeal period.

In addition, the Board finds that a disability rating higher than 70 percent is not warranted at any time during the appeal period. To have a 100 percent disability rating, both total occupational and total social employment must be shown. “Total” is defined as “whole, not divided; full; complete,” and “utter, absolute.” Black’s Law Dictionary, 1498 (7th ed. 1999). Total social impairment is not shown. He has a relationship with his wife for approximately 20 years, and he has a good relationship with his mother-in-law. Although he has difficulty, the evidence does not show that he is unable to form relationships. For these reasons, complete and utter social impairment is not shown. 

Lastly, in the February 2020 Appellant’s Brief, the Veteran’s representative generally referred to an extraschedular ratings for the Veteran’s mental disorders without providing specific argument. The threshold factor for extraschedular consideration is a finding that the evidence presents such an exceptional disability picture that the available schedular evaluations for the service-connected disability at issue are inadequate. If the criteria reasonably describe the Veteran’s disability level and symptomatology, then the disability picture is contemplated by the rating schedule, the assigned evaluation is adequate, and no referral to the Director of the Compensation Service for consideration of an extraschedular rating is required. Thun v. Peake, 22 Vet. App. 111 (2008), aff’d, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). Notably, the rating criteria for psychiatric conditions employ the phrase “such as,” indicating that they are examples of the types of symptoms needed to meet the criteria, rather than an exhaustive list. The types of symptoms the Veteran experiences fall within the 70 percent criteria and the evidence shows that he has occupational and social impairment with deficiencies in most areas. The 70 percent criteria best contemplate the severity of the Veteran’s mental disorders. 

For these reasons, the Board finds that a 70 percent disability rating best approximates the overall severity of the Veteran’s mental disorders, an increase beyond that level is not warranted for any time during the appeal period.

TDIU

2. Entitlement to a TDIU is denied. 

In the July 2019 Decision Review Request: Board Appeal, the Veteran contended that he is entitled to a TDIU due to his mental disorders. 

When entitlement to TDIU under the provisions of 38 C.F.R. § 4.16 is raised during the adjudicatory process of evaluating the underlying disability, it is part of the claim for benefits for the underlying disability. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). A TDIU claim is considered reasonably raised when a veteran submits medical evidence of a disability, makes a claim for the highest rating possible, and submits evidence of service-connected unemployability. Roberson v. Principi, 251 F.3d 1378, 1384 (Fed. Cir. 2001).

Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340(a)(1). A total disability rating for compensation purposes may be assigned on the basis of individual unemployability: that is, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 

In such an instance, if there is only one service-connected disability, it must be rated at 60 percent or more; if there are two or more service-connected disabilities, at least one disability must be rated at 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). The Veteran has had a 100 percent schedular rating for his prostate cancer. This rating cannot factor into the determination as to whether the criteria for a schedular criteria for a TDIU are met. His prostate cancer also cannot be considered in the TDIU determination because it is assigned a 100 percent schedular rating. However, because of his 70 percent rating for a psychiatric disorder, the criteria for consideration of a schedular TDIU are met.

In the May 13, 2019 VA examination, the VA examiner classified the Veteran’s occupational and social impairment as occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. This does not support a finding that the Veteran is unemployable. The other evidence of record does not indicate that the Veteran’s psychiatric symptoms preclude substantially gainful employment. His mental health treatment records note that he was a welder by trade and retired from his job as an iron contractor in 2011 ,but do not state that it was due to a service-connected disability. 

The Veteran is also service-connected for the following disabilities: a shell fragment wound to the left hand, rated at 10 percent; tinnitus, rated at 10 percent; a left hand scar, rated as noncompensable; and erectile disfunction, rated as noncompensable. The Veteran has not asserted, nor does the evidence show, that these disabilities interfere with employment. 

Upon review of the evidence, there is no indication of that the Veteran is unable to work due to his mental disorders. For this reason, a TDIU is denied.

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Willoughby, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.