﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191029-42196
DATE: May 29, 2020

ORDER

A 10 percent disability rating for left knee patellofemoral pain syndrome with limitation of extension is denied.

FINDING OF FACT

Left knee patellofemoral pain syndrome is manifested by limitation of extension but not to a 5 compensable degree; flexion is also limited to a non-compensable degree though a 10 percent rating is in effect due to factors such as pain.

CONCLUSION OF LAW

The criteria for a disability rating of 10 percent for left knee patellofemoral pain syndrome with limitation of extension have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.159, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Part 4, Diagnostic Code 5261.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in May 2019 which granted service connection for left knee patellofemoral pain syndrome with limitation of extension, and a 10 percent disability rating was assigned, effective February 8, 2019. In June 2019, the Veteran requested a higher-level review. In an August 2019 rating decision, the 0 percent rating was continued. In October 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The Veteran’s left knee patellofemoral pain syndrome with limitation of extension, is rated 0 percent disabling per 38 C.F.R. § 4.71a, Diagnostic Code 5261. A 10 percent rating is in effect for left knee injury, post-operative cruciate ligament tear and medial plica with limitation of flexion per 38 C.F.R. § 4.71a, Diagnostic Code 5257/5260; such rating is not in appellate status. 

For purposes of this decision, the Board notes that normal range of motion for the knee is flexion to 140 degrees and extension to 0 degrees. 38 C.F.R. § 4.71a, Plate II.

Diagnostic Codes 5260 and 5261 provide for rating based on limitation of motion.

Evaluations for limitation of flexion of a knee are assigned as follows: flexion limited to 45 degrees is 10 percent; flexion limited to 30 degrees is 20 percent; and flexion limited to 15 degrees is 30 percent. 38 C.F.R. § 4.71a, Diagnostic Code 5260.

Evaluations for limitation of extension of the knee are assigned as follows: extension limited to 10 degrees is 10 percent; extension limited to 15 degrees is 20 percent; extension limited to 20 degrees is 30 percent; extension limited to 30 degrees is 40 percent; and extension limited to 45 degrees is 50 percent. 38 C.F.R. § 4.71a, Diagnostic Code 5261.

The rating schedule provides for a 10 percent rating for slight recurrent subluxation or lateral instability, a 20 percent rating for moderate recurrent subluxation or lateral instability, and a 30 percent rating for severe recurrent subluxation or lateral instability. 38 C.F.R. § 4.71a, Diagnostic Code 5257.

Pursuant to Diagnostic Code 5003, arthritis established by x-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic code(s) for the specific joint or joints involved. When, however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 percent is for application for each such major joint or group of minor joints affected by limitation of motion. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. In the absence of limitation of motion, x-ray evidence of involvement of 2 or more major joints or two or more minor joint groups, with occasional incapacitating exacerbations warrants a 20 percent evaluation. X-ray evidence of involvement of 2 or more major joints or 2 or more minor joints warrants a 10 percent evaluation. See 38 C.F.R. § 4,71a, Diagnostic Code 5003.

With any form of arthritis, painful motion is an important factor of disability, the facial expression, wincing, etc., on pressure or manipulation, should be carefully noted and definitely related to affected joints. Muscle spasm will greatly assist the identification. The intent of the rating schedule is to recognize painful motion with joint or periarticular pathology as productive of disability. It is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. The joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight- bearing and, if possible, with the range of the opposite undamaged joint. 38 C.F.R. § 4.59.

The evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14. However, § 4.14 does not preclude the assignment of separate evaluations for separate and distinct symptomatology where none of the symptomatology justifying an evaluation under one diagnostic code is duplicative of or overlapping with the symptomatology justifying an evaluation under another diagnostic code. Esteban v. Brown, 6 Vet. App. 259, 262 (1994).

The VA General Counsel has held that a claimant who has arthritis and instability of a knee may be rated separately under Codes 5003 and 5257, while cautioning that any such separate rating must be based on additional disabling symptomatology. VAOPGCPREC 23-97 (July 1997); VAOPGCPREC 9-98 (Aug. 1998). Moreover, the General Counsel also held more recently that separate ratings under 38 C.F.R. § 4.71a, Diagnostic Code 5260 (limitation of flexion of the leg) and under Diagnostic Code 5261 (limitation of extension of the leg), may be assigned for disability of the same joint. VAOGCPREC 9-2004 (Sept. 2004).

Pursuant to Diagnostic Code 5261, there is no basis for the assignment of a compensable rating for limitation of extension, as the March 2019 C&P examination reflects extension limited to 5 degrees with no changes on repetitive motion testing. The examiner commented that pain and stiffness translated to decreased range of motion. The Veteran denied any flare-ups, with the examiner noting that he had become aware of knee pain exacerbators, hence his avoidance of such and thus no flare-ups. Functional limitations included pain with prolonged standing/ambulation and with going downhill and downstairs. An April 2018 VA Physical Medicine Rehab Consult reflects normal extension. 05/02/2019 CAPRI at 114. Thus, based on the above, a compensable rating based on limitation of extension is not warranted. 

The Board acknowledges DeLuca v. Brown, 8 Vet. App. 202, 205-08 (1995) which provides for consideration of higher disability evaluations on the basis of functional loss due to pain or due to weakness, fatigability, incoordination, or pain on movement of a joint under 38 C.F.R. §§ 4.40 and 4.45. However, in the present case the Board is constrained from awarding an increased rating on this basis. As noted previously, a 10 percent rating is already in effect under Diagnostic Code 5260, for limitation of flexion. VAOGCPREC 9-2004 makes clear that it is possible for a Veteran to receive compensable ratings for both limitation of flexion and limitation of extension, but only in cases where the evidence supports a compensable rating under both codes. This means cases where both flexion is actually limited to 45 degrees and where extension is actually limited to 5 degrees. In the present case neither has been shown, as the 10 percent rating under Diagnostic Code 5260 is already based on additional functional limitation due to the DeLuca factors. Thus, assignment of a compensable rating for extension of the same knee based on the same factors would constitute impermissible pyramiding. 

(Continued on the next page)

 

Based on the foregoing, a compensable rating for left knee patellofemoral pain syndrome with limitation of extension is not warranted. Additionally, the Board has considered whether additional ratings for neurological manifestations are warranted. However, because no such manifestations have been diagnosed, additional ratings for neurological manifestations are inapplicable in this case. 38 C.F.R. § 4.124a.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M.W. Kreindler

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.