Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 210310-141788
DATE: July 30, 2021

ORDER

Entitlement to an initial evaluation in excess of 20 percent for diabetic peripheral neuropathy of the left lower extremity is denied.

Entitlement to an initial evaluation in excess of 20 percent for diabetic peripheral neuropathy of the right lower extremity is denied.

FINDINGS OF FACT

1. Throughout the appeal period, the Veteran's diabetic peripheral neuropathy of the left lower extremity was manifested by moderate incomplete paralysis.

2. Throughout the appeal period, the Veteran's diabetic peripheral neuropathy of the right lower extremity was manifested by moderate incomplete paralysis.

CONCLUSIONS OF LAW

1. The criteria for an initial evaluation in excess of 20 percent for peripheral neuropathy of the left lower extremity have been met. 38 U.S.C. §§ 1155, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.7, 4.124a, Diagnostic Code 8521.

2. The criteria for an initial evaluation in excess of 20 percent for peripheral neuropathy of the right lower extremity have been met. 38 U.S.C. §§ 1155, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.7, 4.124a, Diagnostic Code 8521.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served active duty in the United States Air Force from August 1964 to August 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in July 2020 by the Department of Veterans Affairs (VA) Regional Office (RO). 

In the July 2020 rating decision, the RO granted service connection for left and right lower extremity diabetic peripheral neuropathy, assigning a 20 percent rating for each extremity. In March 2021, the Veteran appealed the assigned ratings to the Board and requested direct review of his claim by a Veterans Law Judge (VLJ). 38 C.F.R. §§ 3.2500(a)(1)(ii), 20.202, 20.203. As the Veteran has selected direct review, the Board will base its decision on the evidence of record at the time of the rating decision on appeal. 38 C.F.R. §§ 20.300, 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the issues on appeal, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Increased Ratings

Disability evaluations are determined by the application of the facts presented to VA's Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321, 4.1.

In evaluating the severity of a particular disability, it is essential to consider its history. 38 C.F.R. § 4.1; Peyton v. Derwinski, 1 Vet. App. 282 (1991). Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary importance. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Higher evaluations may be assigned for separate periods based on the facts found during the appeal period. Hart v. Nicholson, 21 Vet. App. 505, 509 (2007); see also Fenderson v. West, 12 Vet. App. 119, 126 (1999). This practice is known as staged ratings. Id. 

Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. The evaluation of the same disability under several diagnostic codes, known as pyramiding, must be avoided; however, separate ratings may be assigned for distinct disabilities resulting from the same injury so long as the symptomatology for one condition is not duplicative of the symptomatology of the other condition. 38 C.F.R. § 4.14; see Esteban v. Brown, 6 Vet. App. 259, 262 (1994).

1. Entitlement to increased ratings for left and right lower extremity peripheral neuropathy.

Currently, the Veteran is assigned 20 percent ratings for his left and right lower extremity peripheral neuropathy pursuant to 38 C.F.R. § 4.124a, Diagnostic Code 8521. Under Diagnostic Code 8521, complete paralysis of the common peroneal nerve, a 40 percent rating contemplates foot drop and slight droop of the first phalanges of all toes, cannot dorsiflex the foot, extension (dorsal flexion) of proximal phalanges of toes lost; abduction of foot lost, adduction weakened; anesthesia covers entire dorsum of foot and toes. Disability ratings of 10 percent, 20 percent and 30 percent are assignable for incomplete paralysis which is mild, moderate or moderately severe in degree, respectively. 38 C.F.R. § 4.124a, Diagnostic Code 8521.

The term "incomplete paralysis" indicates a degree of lost or impaired function substantially less than the type pictured for complete paralysis given with each nerve, whether due to a varied level of the nerve lesion or to partial regeneration. When the involvement is wholly sensory, the rating should be for mild, or at most, the moderate degree. 38 C.F.R. § 4.124a. The Board observes that the terms "mild," "moderate" and "severe" are not defined in the Schedule. Rather than applying a mechanical formula, the Board must evaluate all of the evidence to the end that its decisions are "equitable and just." 38 C.F.R. § 4.6.

The Veteran has generally reported that he experiences numbness and tingling in his feet, which he is competent to report. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). There is no evidence that the Veteran's statements are not credible, and therefore they are entitled to probative weight as to the severity of the disability during the period on appeal.

During a December 2019 VA examination, the Veteran exhibited normal muscle strength in the bilateral lower extremities. The sensation testing for light touch resulted in decreased sensation of his right and left foot. Moreover, the examiner indicated that the symptoms attributable to his nerve condition was moderate paresthesias and/or dysesthesias and numbness of right and lower extremity. Overall, the examiner noted that the Veteran had moderate incomplete paralysis of the common peroneal nerve in the bilateral lower extremities. There is no evidence that the examiner was either not competent or credible. Further, the examiner's assessment of the disability was based both on the Veteran's own reports of his symptoms, the examiner's own examination of the lower extremities, and objective neurologic testing. As such, the Board finds that the examination report is entitled to significant probative weight as to the severity of the Veteran's disability during the period on appeal. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

Treatment records associated with the file reflect some reports of pain and numbness in the lower extremities, but no evidence of decreased muscle strength or atrophy in either lower extremity.

Based on the foregoing, the preponderance of the evidence is against a finding that an increased rating in excess of 20 percent is warranted for the left or right lower extremity peripheral neuropathy. The evidence of record does not demonstrate manifestations consistent with severe or complete paralysis of either lower extremity. Rather, the evidence of record documents that there was no atrophy, no abnormal muscle tone or bulk, no complete paralysis, no organic changes, and no foot drop of either lower extremity. Indeed, the Veteran as found to have full muscle strength in both lower extremities on examination. Instead, the Board finds that the Veteran's moderate sensory symptoms and slightly decreased reflexes bilaterally are more nearly contemplated by the currently assigned 20 percent ratings. As such, an increased rating in excess of 20 percent is not warranted in the case. 38 C.F.R. §§ 4.7, 4.124a, Diagnostic Code 8521.

Although the Veteran has also been diagnosed with peripheral vascular disease, this disability is already separately rated. As such, rating by analogy to Diagnostic Code 7114 is not warranted in this case. There are no other applicable diagnostic codes that would afford the Veteran a schedular rating in excess of 20 percent for diabetic peripheral neuropathy of the left and right lower extremity, to include DC 8521. Therefore, a rating in excess of 20 percent is not warranted. 38 C.F.R. §§ 4.71a, 4.124a, DCs 8520-8530. The Board notes that the December 2019 examiner identified other affected nerves in addition to the common peroneal nerve. However, overall the examiner indicated that the same symptoms were associated with each of the affected nerves, that is moderate numbness, moderate paresthesias and dysesthesias, and decreased reflexes bilaterally. Further, the examiner noted that these symptoms affected the bilateral lower extremities as a whole. As each affected nerve is manifested by identical symptomatology and affect the lower extremity generally, to assign separate compensable ratings for each nerve would constitute pyramiding. 38 C.F.R. § 4.14; see Esteban, 6 Vet. App. at 262. As such, higher or separate ratings under other Diagnostic Codes are not warranted in this case.

All potentially applicable Diagnostic Codes have been considered. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 36970 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). The preponderance of the evidence is against an initial rating in excess of 20 percent for the Veteran's service-connected left and right lower extremity diabetic peripheral neuropathy. As such, the benefit-of-the-doubt doctrine is inapplicable. 38 C.F.R. § 4.3. For these reasons, the claim is denied. 

 

CHRISTOPHER A. WENDELL

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K.M. Walker

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.