Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 191118-43863
DATE: September 30, 2021

ORDER

Entitlement to an initial rating of 30 percent, but no higher, for gastroesophageal reflux disease (GERD) is granted.

FINDING OF FACT

The Veteran's GERD is manifested by frequent episodes of epigastric distress with pyrosis, reflux, regurgitation, and substernal pain productive of considerable health impairment.

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for an initial rating of 30 percent, but no higher, for service-connected GERD have been more nearly approximated. 38 U.S.C. § 1155; 38 C.F.R. § 4.114, Diagnostic Code 7399-7346.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1998 to February 2005. He also served on active duty for training from August to December 1996. He was awarded the Combat Infantry Badge and the Purple Heart. 

This matter comes before the Board of Veteran's Appeals (Board) on appeal from October 2019 rating decisions by a Department of Veterans Affairs Regional Office (RO) under the Appeals Modernization Act (AMA). 

Within the framework of the AMA, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) and elected Direct Review by a Veterans Law Judge in November 2019. See November 2019 VA Form 10182 Notice of Disagreement. The Board notes that under the direct review option, no additional evidence received after the appealed rating decision is to be considered; rather, review is limited to the evidence on record at the time of the decision. 38 C.F.R. §§ 19.2(d), 20.301.

In July 2020, the Board denied the Veteran's increased rating claim for GERD. The Veteran appealed the Board decision to the United States Court of Appeals for Veterans Claims (Court). In May 2021, the Court granted the Joint Motion for Partial Remand filed by representatives for both parties, vacating the July 2020 Board's decision and remanding the claim to the Board for further proceedings consistent with the Joint Motion.

Entitlement to an initial rating in excess of 10 percent for GERD.

As an initial matter, the Veteran filed his claim for entitlement to service connection for GERD on December 10, 2018. See December 2018 VA 21-526EZ, Fully Developed Claim (Compensation). The RO granted the Veteran's claim in a May 2019 rating decision and assigned a 10 percent rating, effective December 10, 2018. See May 2019 Rating Decision Narrative. 

The Veteran's GERD has been evaluated under DC 7399-7346. 38 C.F.R. § 4.114. The hyphenated diagnostic code used in this case indicates that a digestive disorder under DC 7399 is the service-connected disorder, and DC 7346 identifies the basis for the evaluation assigned. 38 C.F.R. § 4.27. Because there is no diagnostic code specifically for GERD, it is rated by analogy to hiatal hernia, under DC 7346. 

Under DC 7346, a 10 percent rating is warranted for hiatal hernia with two or more of the symptoms listed in the criteria for a 30 percent rating, but of less severity. A 30 percent rating is assigned for persistently recurrent epigastric distress with dysphagia, pyrosis and regurgitation accompanied by substernal or arm or shoulder pain and productive of considerable impairment of health. Symptoms of pain, vomiting, material weight loss, and hematemesis or melena with moderate anemia or other symptom combinations productive of severe impairment of health equate to the highest rating of 60 percent. 38 C.F.R. § 4.114, DC 7346.

A November 2018 ambulatory care note shows that the Veteran reported four bloody loose stools. He also reported abdominal bloating and pain and nausea but denied melena and vomiting. The assessment included gastrointestinal bleed likely due to nonsteroidal anti-inflammatory drug (NSAID) induced gastropathy. See December 2018 CAPRI. 

A December 2018 VA gastroenterology consultation shows that the Veteran reported that he had been feeling bloated and gaseous for approximately two months. He also endorsed occasional heartburn and epigastric pains in the lower right quadrant of his abdomen but denied nausea and vomiting. The assessment included symptoms of bloating with increased gas, GERD and epigastric pain, right lower quadrant abdominal pain, and history of rectal bleeding.

At a February 2019 VA examination for esophageal conditions, the examiner diagnosed the Veteran with GERD. The examiner noted that the Veteran's GERD was manifested by symptoms of reflux, substernal pain, sleep disturbance caused by esophageal reflux, nausea, and vomiting. The examiner noted that the Veteran did not have an esophageal stricture, spasm of the esophagus or acquired diverticulum of the esophagus and did not find any other pertinent physical findings, complications, signs, or symptoms related to GERD. The examiner further stated that the Veteran's esophageal disability impacted his ability to work by causing mild to moderate epigastric pain, burning, and intermittent nausea and vomiting.

The Veteran also underwent a VA examination for intestinal conditions in February 2019. The examiner diagnosed the Veteran with flatulence secondary to the medication he took as treatment for GERD. The examiner also noted signs and symptoms attributable to the Veteran's intestinal disability, to include abdominal bloating, gas, distention, and frequent episodes of bowel disturbance with abdominal distress. See February 2019 C&P examination.

In support of his claim, the Veteran submitted a private disability benefit questionnaire from Dr. A. Wright dated in August 2019. Dr. Wright noted that the Veteran had been diagnosed with GERD, for which he was required to take continuous medication. Dr. Wright noted that the Veteran's GERD was manifested by symptoms of persistent recurrent epigastric distress, dysphagia, pyrosis, reflux, regurgitation, substernal pain, and sleep disturbance, which occurred four or more times a year, with each episode lasting less than one day. She noted that the Veteran did not have an esophageal stricture, spasm of the esophagus or acquired diverticulum of the esophagus but noted other pertinent physical findings, complications, signs, or symptoms related to GERD, to include epigastric pain and abdominal bloating. Following her examination, Dr. Wright stated that the Veteran's GERD impacted his ability to work because he had to go to the washroom for fear of vomiting during episodes. See September 2019 VA examination.

The Veteran also underwent a VA examination for esophageal conditions in October 2019. The examiner noted that the Veteran's GERD symptoms manifested as pyrosis, reflux, and regurgitation and stated that he took continuous medication to control his symptoms. The examiner noted that the Veteran did not have an esophageal stricture, spasm of the esophagus or acquired diverticulum of the esophagus and did not have any other pertinent physical findings, complications, signs, or symptoms related to GERD. Following her examination, the examiner opined that the Veteran's GERD did not impact his ability to work. See October 2019 C&P examination.

After reviewing the evidence and resolving all doubt in the Veteran's favor, the Board finds that the Veteran's gastric disability more closely approximates a 30 percent rating under DC 7346 during the entire period on appeal. Evidence demonstrates that the Veteran's gastric disability required continuous medication and was manifested, at worst, by symptoms of daily epigastric pain, reflux, nausea, pyrosis, substernal pain, and frequent reports of dysphagia, regurgitation, and sleep disturbance throughout the period on appeal. The Board has acknowledged that the October 2019 VA examiner only indicated symptoms of pyrosis, reflux, and regurgitation. Nevertheless, the Board finds that the evidence of record has otherwise noted additional symptoms, to include persistent recurrent epigastric distress, pyrosis, substernal pain, and sleep disturbance during the period on appeal and when taken into consideration with the additional symptoms of frequent episodes of bowel disturbance with abdominal distress and abdominal bloating, gas, and distention, the Board finds that the overall disability picture is more closely aligned as productive of considerable impairment of health. 

However, the Board finds that a rating in excess of 30 percent is not warranted. As indicated above, a 60 percent rating is assigned under DC 7346 for symptoms of pain, vomiting, material weight loss and hematemesis or melena with moderate anemia; or other symptom combinations productive of severe impairment of health.

"Productive of severe impairment of health" is not defined within the statue. The Board applies the plain meaning of these words to its definition, "productive" means "effective in bringing about," "impairment" is "a degree of physical or mental impairment" and "health" is "the general condition of the body." The Board notes that "severe" is defined as either "of a great degree" or "very painful or harmful." See Merriam-Webster, https://www.merriam-webster.com/ (last visited Sept. 29, 2021). As such, the Board understands "productive of severe impairment of health" to mean effective in bringing about a great degree of physical impairment so as to be painful or harmful to the general condition of the body. Here, there is no evidence of weight loss, hematemesis or melena with moderate anemia, or other symptom combinations productive of severe impairment of health. VA treatment records have specifically noted there is no weight loss, weakness or fatigue as related to his service-connected GERD. Although the February 2019 examiner indicated the Veteran experienced three episodes of vomiting with an average duration of less than one day, this infrequent amount indicates that such symptoms do not occur to such a degree to meet the level of severity required to bring about a great degree of physical impairment to the general condition of the body. As such, the Board finds that while vomiting is contemplated by the 60 percent rating, the evidence is insufficient to establish that it is productive of severe impairment of health. 

As such, when considering the severity and frequency of the Veteran's symptoms based on lay statements, medical records, and VA and private examinations, the Veteran's symptomology most closely aligns with the criteria reflected in the 30 percent evaluation for a "considerable impairment of health." Therefore, the Board finds that a rating 30 percent, but no higher, is warranted under DC 7346.

Next, the Board has considered whether any other diagnostic code would allow for a higher or separate rating pertaining to GERD. The Board finds that no other higher or separate ratings are warranted under any of the other diagnostic codes pertaining to the digestive system. Initially, as noted above, disability ratings assigned under Diagnostic Codes 7301 to 7329 (inclusive), 7331, 7342, and 7345 to 7348 (inclusive) will not be combined with each other. 38 C.F.R. § 4.114; see also Esteban v. Brown, 6 Vet. App. 259, 261 (1994) (the critical element is that none of the symptomatology for any condition is duplicative of or overlapping with the symptomatology of the other condition).

Looking at the digestive system diagnostic codes that could potentially afford the Veteran a disability rating in excess of 30 percent, the Board finds that none is applicable in this particular case. The evidence of record does not reflect that the Veteran has loss of whole or part of the tongue, stricture of the esophagus, marginal (gastrojejunal) ulcer, (duodenal) ulcer, adhesions of peritoneum, cirrhosis of the liver, ulcerative colitis, fistula of the intestine, tuberculous peritonitis, an anal or rectal disability, hemorrhoids, pruritus ani, inguinal, ventral, or femoral hernia, malignant neoplasms of the digestive system, chronic liver disease, pancreatitis, vagotomy, liver transplant, or hepatitis C; therefore, Diagnostic Codes 7202, 7203, 7301, 7305, 7306, 7312, 7323, 7330 to 7340, 7343, 7345, 7347, 7353, and 7354 do not apply. 

The Board does not find that the nature of the Veteran's disorder or his symptoms are closely related in both the anatomical localization and the symptomatology such that any of these other rating criteria should be applied, instead of DC 7346, as an analogous rating. 38 C.F.R. § 4.20.

The Board acknowledges that it was raised in the May 2021 Joint Motion for Partial Remand that the Veteran's disability could be rated under DCs 7305 or 7306 for duodenal ulcer or marginal ulcer. The Board does not find, however, that either of these are the appropriate analogous rating, as an ulcer is a very specific diagnosis for an internal soft tissue sore, which the Veteran does not have, and the criteria are not reflective of the primary types of symptoms the Veteran has, such as reflux, dysphagia, and pyrosis. The Board therefore finds that the most appropriate rating criteria for the Veteran's GERD is DC 7346.

 

 

Mary E. Rude

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Cheng, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.